UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW FERRARA,<br><br>                    Plaintiff,<br><br>     -against-<br>METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>                    Defendant. | 24cv09161 (JPO) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendants' letter-motion to stay discovery pending a decision on Defendants' motion to dismiss the amended complaint (ECF 21) is before the Court. (*See* ECF 16.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g.*, *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the amended complaint (ECF 19), the memorandum in support of the motion to dismiss (ECF 22), the letter-motion for a stay of discovery (ECF 16), Plaintiff's responses to Defendants' motions (ECF 20, ECF 27), and Defendants' reply brief in further support of the motion to dismiss (ECF 30), I conclude that Defendants have met their burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. However, the amended complaint covers several incidents of alleged discrimination and retaliation involving several individuals during a period of over one year. Therefore, the discovery sought is likely to be somewhat broad, which, while not dispositive, weighs in favor of a stay of discovery. *See Richardson,* 2024 WL 2003340, at *1. The strength of the underlying motion to dismiss also counsels in favor of granting a stay. This is the case because the motion is "not unfounded in the law."  *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this conclusion, predict the outcome of the motion. However, Defendants' memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the amended complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendants' motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2. The only prejudice identified by Plaintiff is that because he had to exhaust administrative remedies before bringing suit, this case involves matters that occurred quite a while ago, in 2021 and 2022; he argues that memories fade as time passes. While it is true that memories may fade as time passes, that factor standing alone is insufficient to overcome Defendants' demonstration that there is good cause for the stay. If that justification were sufficient, stays of discovery would be unusual in cases such as this one with an administrative exhaustion requirement.

For the foregoing reasons, Defendants' motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 16.

DATED: June 11, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge